IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-1988-NJR |
| | ) |
| JOHN BALDWIN, | ) |
| LASHBROOK, and | ) |
| SANDRA FUNK, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court on a motion for leave to proceed in forma pauperis ("IFP") brought by Plaintiff. (Doc. 2). Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00 filing fee in a civil case.[1] *See* 28 U.S.C. § 1914(a).

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month

---

[1] A litigant who is granted IFP status must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court. *See* Judicial Conference Schedule of Fee—District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

1

period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If IFP status is granted, a prisoner is assessed an initial partial filing fee according to the formula in 28 U.S.C. § 1915(b)(1)(A)-(B). Thereafter, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). This monthly payment must be made each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute provides further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Plaintiff's Complaint alludes to his prior litigation history and notes that he has a strike on one of the cases. (Doc. 6, pp. 3-10). Plaintiff also concedes that he cannot recall the details of his litigation history. *Id*. A review of the Court's records shows that Plaintiff has actually received three strikes in the past: *Ward v. Zelezinski*, 10-cv-7310 (N.D. Ill. Nov. 18, 2010); *Ward v. Gaetz*, 10-cv-640-GPM (S.D. Ill. Mar. 18, 2011); *Ward v. Akpore*, 15-cv-4071-MMM (C.D. Ill. Dec. 1, 2015). This precludes Plaintiff from proceeding IFP unless he is in imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff's Motion to Proceed IFP does not state that he is in imminent danger of serious physical harm. (Doc. 2). Plaintiff filed a Motion for a Preliminary Injunction, which alleges that he has three enemies being housed at Menard, as well as other enemies at other institutions in the Department of Corrections. (Doc. 1, p. 2). Plaintiff requests that he be transferred away from Menard, and that the Illinois Department of Corrections not place him at any institution where he

is known to have enemies. (Doc. 1, pp. 3-4). The Complaint alleges that the Defendants have failed to protect him from his enemies. (Doc. 6, p. 12).

Plaintiff's factual allegations in his request for a preliminary injunction and in the Complaint do not suggest that he is in imminent danger of serious physical harm. Plaintiff has not reported receiving any threats or any credible reports that he is about to be attacked. He has not alleged that he has seen his enemies or that he is or will be housed in close proximity to them. Plaintiff's Complaint is based on the proposition that he should not be housed in the same facility as his known enemies, but that in of itself does not violate the Constitution, and the Illinois Department of Corrections is not required to house known enemies in separate facilities. The Court finds that this case does not suggest that Plaintiff is in imminent danger of serious physical harm.

For these reasons, the Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of Section 1915(g), thus he cannot proceed IFP in this case. Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**.

Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **December 5, 2018**). If Plaintiff fails to comply with this payment order in the time allotted by the Court, this case will be dismissed. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994). Additionally, the Court shall order payments to be deducted from Plaintiff's prisoner trust account in accordance with § 1915(b) until the $400.00 fee is paid in full.

Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven

(7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

Finally, Plaintiff is **INFORMED** that he has an affirmative duty to preemptively disclose his three-striker status in all future cases that he may file. Failure to do so may result in dismissal as a sanction for misleading the Court.

**IT IS SO ORDERED.**

**DATED:  November 14, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**